The complaint in this action alleges the recovery of the plaintiffs' judgment and due issuing and return of an execution thereon unsatisfied. The answer contains no allegation impeaching the sheriff's return, and, therefore, admits the allegations of the bill by not denying them. The regularity of the return upon the execution should, therefore, be deemed waived by such omission, if the question of the regularity of the sheriff's return in such cases can be properly raised in an action in equity, or in proceedings supplemental to the execution, to reach the equitable property of the judgment debtor, based upon the sheriff's return of nulla bona.
The statute (3 R.S., p. 173, chap. 1, § 38,) declares that, "Whenever an execution against the property of a defendant shall have been issued on a judgment at law, and shall have been returned unsatisfied in whole or in part, the party suing out such execution may file a bill in Chancery against such defendant, to compel a discovery of any property or thing in action, belonging to the defendant," c.
Supplemental proceedings under an order of a judge in the same case, are provided for and authorized in section 292 of the Code.
The suit and proceedings supplemental to execution, are based upon the sheriff's return of the execution unsatisfied in whole or in part. This is the warrant of the statute for the institution of the creditor's bill or the granting of the order of the judge.
It seems to me that it is entirely improper and inadmissible to go back of the sheriff's return in either case. In the creditor's suit, based upon such execution and its return unsatisfied, and in the proceedings supplemental to execution, the return should be held entirely conclusive. With just as much propriety, so far as I can see, an inquiry and issue might be made on the correctness of the judgment or the regularity of the execution. If there is an irregularity or mistake or misconduct in the return of the sheriff, let the defendant in the execution, if injured thereby, sue him for a false return, or move to set aside the return in the proper mode and form. *Page 441 
Under the Revised Statutes, the writ of fieri facias was "returnable sixty days from the receipt thereof by the sheriff." Under this provision it was held that the sheriff was not to return the execution till the sixtieth day, and that the remedy of the party at law could not be sooner exhausted so as to allow the filing of a creditor's bill.
By the Code, section 290, the execution is now returnable "within sixty days after its receipt by the officer." Under this provision it is held, properly, that the sheriff may return the execution at any time within the sixty days. When actually returned by him it is a consummated official act, and any further proceedings may be based thereupon. The request of the plaintiff's attorney to the sheriff to return the execution sooner than the sixty days, does not affect the question. It is his duty to enforce and collect the execution, to levy on the property of the judgment debtor, if he has any within his bailiwick. If he notoriously has no property liable to levy and sale on execution, the sheriff, as we have seen, may properly, at his risk, return the execution immediately upon its receipt. The request of the plaintiff or his attorney cannot affect or alter his duty, or change the force or validity of his official return. That is made upon his official responsibility, and must be so made in all cases.
The request of the plaintiff or his attorney to return the execution immediately, upon the advice that the defendant has no property subject to levy, will exonerate the sheriff from any liability to the plaintiff for a neglect of duty, or a false return, and will not affect his liability to the defendant for such false return. The sheriff's return, in all cases, should be deemed conclusive evidence that the plaintiff in the execution had exhausted his remedy at law. If this rule is adopted by this court it will save much controversy on this question, and is, I consider, the only safe and sound rule on the question.
As this is the only question upon which there was any diversity of opinion in the court below, and the only point discussed here, it is not necessary, I think, to consider any other question; but I am entirely satisfied that the case, upon *Page 442 
the facts and upon all the questions raised on the trial, was properly decided at special term, and that the judgment of the general term affirming the same should be affirmed, with costs.
The decision was upon the reasons given by ALLEN, J., with the exception that all the judges, except him, concurred with SMITH, J., in the opinion that an action in the nature of a creditor's bill is now maintainable before the expiration of sixty days from the delivery of the execution to the sheriff. They did not concur, however, with SMITH, J., as to the conclusiveness of the sheriff's return, especially where collusion is alleged, and did not pass on that question.
Judgment affirmed.